Christopher Gilreath
GILREATH & ASSOCIATES
200 Jefferson Avenue, Suite 711
Memphis, TN 38103
Tel.: (901) 527-0511
Fax: (901) 527-0514

Nancy Hersh
Mark Burton
HERSH & HERSH, P.C.
601 Van Ness Avenue, 2080 Opera Plaza
San Francisco, CA 94102

Lori E. Andrus
Jennie L. Anderson
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104

*Attorneys for Plaintiff
and the Proposed Collective Action Plaintiffs*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | |
|---|---|
| JOHN SMITH, on behalf of himself and a class of those similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SERVICEMASTER HOLDING CORP.; THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P.; and TERMINIX INTERNATIONAL, INC.,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT**<br><br>**COLLECTIVE ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff John Smith ("Plaintiff") brings this action against Defendants, ServiceMaster Holding Corporation, The ServiceMaster Company, Inc., the Terminix International Company, L.P., and Terminix International, Inc. (collectively "Terminix" or "Defendants"), on behalf of himself and all others similarly situated and alleges on information and belief as follows:

## INTRODUCTION

1. This is a representative action against Defendants for violations of the Fair Labor Standards Act (hereafter "FLSA"), 29 U.S.C. §216(b).

2. Plaintiff brings this action on behalf of himself and all persons who were, are, or will be employed by Defendants as pest technicians or termite technicians with primary duties of inspecting homes and applying appropriate treatments for the eradication or control of pests and termites ("Technicians"), at any time within the three years prior to this action's filing date through the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were, are, or will be misclassified by Defendants as exempt from overtime pay under federal law.

3. Although Technicians regularly worked more than forty hours per week – in fact, frequently as much as 50 hours per week – Terminix failed to pay or properly record overtime hours worked by Technicians. Terminix also failed to pay full wages when due, and reimburse necessary work-related expenses, as required by law.

4. Through this collective action, Plaintiff seeks compensation for all hours worked, liquidated damages, and other damages permitted by law; injunctive and declaratory relief, restitution and all other forms of equitable relief permitted by law, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.

6. The Western District of Tennessee has personal jurisdiction over each Defendant because each Defendant has qualified with the Tennessee Secretary of State to do business and is doing business in Tennessee and maintains headquarters in this District.

7. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b)(3) & (c) because this judicial district is one in which Defendants are found.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

### Plaintiff

9. Plaintiff John Smith, a legal resident of the United States over the age of 18, and a resident of Baton Rouge, Louisiana, worked as a termite Technician in Terminix's Baton Rouge, Louisiana branch from approximately May, 2007 to December, 2007.

10. Plaintiff Smith hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. §§216(b) and 256.

### Defendants

11. Defendant ServiceMaster Holding Corporation is a Delaware corporation and holding company with its principal offices at 860 Ridge Lake Blvd., Memphis, Tennessee. On or about July 24, 2007, ServiceMaster Global Holdings, Inc., a privately held company, acquired and/or merged with Defendant ServiceMaster Company, a publicly traded corporation until the merger. Defendant ServiceMaster Global Holdings, Inc. is the successor corporation and/or successor in interest of the ServiceMaster Company and its subsidiaries and business units, which include Defendants the Terminix International Company, L.P. and Terminix International, Inc., described below. ServiceMaster Global Holdings, Inc. continues to operate pest control services through The ServiceMaster Company under its Terminix business unit throughout the United States and internationally.

12. Defendant The ServiceMaster Company ("ServiceMaster") is or was, at all times relevant to the matters herein, either a privately held and or a publicly held corporation

operating executive offices at 860 Ridge Lake Blvd., Memphis, Tennessee and in Downers Grove, Illinois.  At all relevant times, ServiceMaster provided outsourcing of pest control services under the brand name "Terminix" to residential and commercial customers through hundreds of company-owned locations in the United States, including a branch office located in Baton Rouge, Louisiana.  At all relevant times, ServiceMaster's Terminix unit is or was doing business in Louisiana as The Terminix International Company, L.P. and Terminix International, Inc.

13. The Terminix International Company, L.P., is a Delaware limited partnership, registered to do business in Tennessee, with its executive offices at 860 Ridge Lake Blvd., Memphis, Tennessee.  Defendant Terminix International Company, L.P., has at times relevant to the allegations herein, owned, managed and/or operated the Terminix branch in Baton Rouge, Louisiana.

14. Terminix International, Inc. is a Delaware corporation registered to do business in Tennessee, with its principal office at 860 Ridge Lake Blvd., Memphis, Tennessee.  Defendant Terminix International, Inc., has at times relevant to the allegations contained herein, owned, managed and/or operated the Terminix branches throughout the United States and in Baton Rouge, Louisiana.

15. At all relevant times, the Defendants, their employees, agents, successors, and each of them participated in the doing of acts or authorized or ratified the doing of the acts hereinafter alleged to have been done by the named Defendants.  Plaintiff is informed and believes and thereon alleges that Defendants and each of them are responsible for the damages suffered by Plaintiff and all others similarly-situated.

## FACTUAL ALLEGATIONS

16. Defendant ServiceMaster is a multi-billion dollar privately held corporation with operations in throughout the United States, and internationally.  Until on or about July 24, 2007, ServiceMaster was a publicly held corporation listed on the New York Stock Exchange, when ServiceMaster Global Holdings, Inc. and other investors took it private.

In the United States, ServiceMaster provides outsourcing services for residential and commercial customers in 10.5 million homes and businesses each year and employs approximately 32,000 people. ServiceMaster branded business units include Terminix, TruGreen, Merry Maids, American Home Shield, InStar Services Group, ServiceMaster Clean, Merry Maids, Furniture Medic, and AmeriSpec. Through its branded business units, ServiceMaster provides a variety of services, including termite and pest control, lawn care and landscape maintenance, home warranties, disaster response and reconstruction, house cleaning, furniture repair, and home inspection.

17. ServiceMaster's Terminix unit provides termite and pest control services to residential and commercial customers. One of the largest termite and pest control companies in the world, it services more than 2.6 million homes and businesses against all types of pests in forty-five states and internationally. In the United States, among its network of over three-hundred and fifty company-owned branches, are approximately 14 company-owned branches in Louisiana, including the Baton Rouge Branch.

18. The operational standards imposed by Terminix at its various branches, including uniform policies and practices relating to Technicians' job duties and their compensation scheme, are substantially similar, if not identical, at each Terminix branch nationally.

19. Terminix's Technicians' job duties include inspecting homes and applying appropriate treatments for the eradication or control of pests and termites. Inspecting a home generally takes 25 to 30 minutes, but can take up to an hour if the Technician's view of the foundation is obstructed, or other obstacles arise. Technicians are scheduled anywhere from 16 to 30 re-inspections per day. Technicians begin their workday at 7:30 a.m. and – although scheduled to work only until 4 p.m. – were frequently required to work until 5:30 or 6:30 p.m. to fulfill their mandatory job duties for the benefit of the Defendants. Defendants at all times relevant knew or should have known that the mandatory job duties required the Technicians to work in excess of 40 hours per week.

20. Technicians carry handheld mobile computers, called "Dolphins." Among other things, Dolphins are used to track Technicians' schedules and routes, and to record Technicians' starting and stopping times. Technicians log into the Dolphin at the beginning of the work day, log out during breaks, and log out at the end of the day, when the Dolphin is docked to the onboard computer in the Terminix truck, and the data is downloaded and sent to Terminix's headquarters. A Technician's Dolphin generates "pop-up" messages at break time and lunch time; in response, Technicians are required to type in the time they took their breaks and when they went back to work.

21. Terminix has not paid the Technicians for all hours worked, and in some cases, has falsified Technician's time cards to reflect fewer hours than those actually worked.

22. Terminix has refused to pay overtime (or even regular time) for hours worked over 40 hours per week.

23. Although Technicians' schedules included a half hour lunch break, Technicians were routinely required to work through lunch to fulfill their mandatory job duties and for the benefit of the Defendants, and are not paid for that work. When Technicians were able to eat, Defendants refused to and otherwise failed to relieve the Technicians of their job duties. As a regular occurrence, Technicians eat while driving to another job.

24. Technicians must generally forego their rest breaks to fulfill their mandatory job duties for the benefit of the Defendants.

25. Despite the fact that the Technicians were frequently not permitted to take rest or lunch breaks, the Dolphins require the Technicians to record rest breaks, even if the Technicians are not able to take them. This is so because the "pop-up" message will not disappear, and no other data can be recorded in the Dolphin, until the Technician enters the time he took a rest or lunch break. Thus, in order to carry on with the work schedule, Technicians were required to record their rest or lunch breaks, regardless of whether they took the break.

26. Terminix failed and refused to indemnify Plaintiff (and all Technicians) for their expenses and losses incurred and required in direct consequence of the discharge their

duties or at the direction of Defendants, including but not limited to, expenses and losses associated with paying for the cost of parking meters at customer locations, cellular telephone charges, raingear, shovels, protective wear (such as rubber boots and gloves), office supplies, and batteries.

### Plaintiff Smith's Experience

27. During his employment, Terminix regularly reduced Plaintiff's submitted hours, refusing to pay for all hours worked. For example, after working for Terminix for approximately three weeks, Plaintiff Smith noticed that his paycheck was short by 4.5 regular hours. Plaintiff Smith informed Terminix management of the mistake, but he was told that he was wrong and there was no mistake in his hours. Consequently, Terminix managers told the Technicians that management would be "taking care of all timekeeping," regardless of hours logged into the Dolphins.

28. Plaintiff Smith was asked to work extra time on the weekends, mostly for renewals of termite control contracts. Plaintiff Smith worked the weekends as requested, and used the Dolphin to log his starting and stopping times. When he received his paycheck, however, Plaintiff Smith noticed it was short one hour of regular time and 10 hours of overtime. Although he complained of the fact that he was not being fully compensated for all hours worked or his overtime, Plaintiff Smith was never paid for those hours. Again after the next pay period, Plaintiff Smith noticed that his paycheck was short five hours.

29. Plaintiff Smith complained to Mr. Warfield, the Baton Rouge Branch Manager. In response, Mr. Warfield told Plaintiff Smith to "stop bucking the system."

30. Plaintiff Smith's complaints were met with retaliation, including but not limited to his superiors making racially offensive remarks and subjecting him and other African American Technicians to harassment and racial discrimination, until Plaintiff Smith was forced to resign, or constructively terminated after approximately 6 months of work at Terminix.

### COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings the First Claim for Relief for violation of the FLSA as a

collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were, are, or will be employed by Defendant as pest or termite technicians throughout the United States, at any time within the Nationwide FLSA Period, who have not been compensated for all hours worked, and who have not been compensated at one and one-half times the regular rate of pay for all work performed that is in excess of forty (40) hours per work week (hereinafter "Collective Action Plaintiffs").

32. Plaintiff and the Collective Action Plaintiffs are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendants' common practice, policy, or plan of refusing to compensate all hours worked and refusing to pay overtime in violation of the FLSA.

33. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), as prospective members of the Collective Action are similarly situated to Plaintiff and have claims that are similar to Plaintiff's First Claim for Relief.

34. The names and addresses of the Collective Action Plaintiffs are available from Defendants, and notice should be provided to the Nationwide FLSA Collective Plaintiffs via first class mail to the last address known to their employer as soon as possible.

35. Questions of law and fact common to the collective action as a whole include, but are not limited to, the following:

   a. Whether Defendants unlawfully failed and continues to fail to compensate Collective Action Plaintiffs and prospective Collective Action Plaintiffs for all hours worked in violation of the FLSA, 29 U.S.C. §201 *et seq.*;

   b. Whether Defendants unlawfully failed and continues to fail to pay overtime compensation to Collective Action Plaintiffs in violation of the FLSA, 29 U.S.C. §201 *et seq.*;

   c. Whether Defendants' failure to pay overtime to the Collective Action Plaintiffs was willful within the meaning of the FLSA;

d.  Whether Defendants failed and continue to fail to maintain accurate records of actual time worked by the Collective Action Plaintiffs; and

f.  Whether Defendants failed and continue to fail to record or report all actual time worked by the Collective Action Plaintiffs.

## **FIRST CLAIM FOR RELIEF**
(Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*)

36. Plaintiff, on behalf of himself and all Collective Action Plaintiffs, realleges and incorporates by reference the preceding paragraphs as if they were set forth herein.

37. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendants have employed and/or continue to employ "employee[s]," including Plaintiff and each of the prospective Collective Action Plaintiffs, who have been and/or continue to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

38. Plaintiff in this action has signed a Consent to Sue form pursuant to Section 16(b) of the FLSA, 29 U.S.C. §§216(b) and 256.

39. The FLSA requires Defendants, as covered employers, to compensate all non-exempt employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

40. Plaintiff and all Collective Action Plaintiffs are entitled to compensation for all hours worked.

41. Plaintiff and all Collective Action Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

42. At all relevant times, Defendants, pursuant to a single illegal policy, plan or decision, failed and refused to compensate Plaintiff and the Collective Action Plaintiffs for

work performed during regular "off-the-clock" work.

43. At all relevant times, Defendants, pursuant to a single illegal policy, plan or decision, failed and refused to pay overtime premiums to Plaintiff and the Collective Action Plaintiffs for their hours worked in excess of 40 hours per week for work performed during regular "off-the-clock" work.

44. At all relevant times, Defendants have engaged, and continue to engage, in a willful policy, pattern, or practice of requiring or permitting its non-exempt hourly employees, including Plaintiff and the Collective Action Plaintiffs, to perform work "off-the-clock" without compensating such employees for all work performed.

45. At all relevant times, the "off-the-clock" work performed by Defendants' non-exempt hourly employees, including Plaintiff and the Collective Action Plaintiffs, was and continues to be required or permitted by Defendants, for the benefit of Defendants, and is directly related to such employees' principal employment with Defendants, and is an integral and indispensable part of such employees' employment with Defendants.

46. Defendants violated and continue to violate the FLSA, 29 U.S.C. §201 *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a)(2), by failing to pay the Collective Action Plaintiffs for all hours actually worked and by failing to pay the Collective Action Plaintiffs at least one-and-a-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. §201 *et seq.*

47. The FLSA also imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the Collective Action Plaintiffs, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §201 et seq., including 29 U.S.C. §§211(c) and 215(a)(5). These violations of the FLSA were knowing and willful within the meaning of 29

U.S.C. §201 *et seq.*

48. Federal law requires that regular wages and overtime wages be paid on the regular payday for the period in which the overtime hours were worked, or as soon as "practicable." 29 C.F.R. § 778.106. By failing to pay Plaintiff and the Collective Action Plaintiffs their regular wages and overtime wages in a timely fashion, Defendants have violated the FLSA and federal regulations. These violations were knowing and willful within the meaning of 29 U.S.C. §201 *et seq.*

49. Federal law dictates that only bona fide meal periods are not worktime. 29 C.F.R. § 785.19. Where meal periods are offered, the employees must be completely relieved from duty for the purposes of eating regular meals. By failing to completely relieve Plaintiff and Collective Action Plaintiffs from duty during meal periods, Defendants have violated FLSA and federal regulations. These violations were knowing and willful within the meaning of 29 U.S.C. §201 *et seq.*

50. As a result of Defendants' violations of law, Plaintiff and the Collective Action Plaintiffs are entitled to recover from Defendants the amount of their unpaid minimum wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), pre- and post-judgment interest, attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all Collective Action Plaintiffs, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly-situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and

permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. §216(b), and tolling of the statute of limitations on the claims of all members of the FLSA Opt-In Class from the date the original complaint was filed until the class members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as plaintiffs;

B. Designation of Representative Plaintiff John Smith as representative of the Collective Action Plaintiffs and Plaintiff's counsel as Counsel for the Collective Action Plaintiffs;

C. A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*;

D. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

E. An award of damages, including unpaid minimum wages and overtime compensation and an additional equal amount as liquidated damages, to be paid by Defendants;

F. Costs of action incurred herein, including reasonable attorneys' fees under, *inter alia*, 29 U.S.C. §216(b), litigation expenses and court costs;

G. Pre-Judgment and post-Judgment interest, as provided by law; and

H. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

| | |
|---|---|
| DATED: July 14, 2009 | By:    */s/ Christopher Gilreath*<br>Christopher Gilreath |

GILREATH & ASSOCIATES
200 Jefferson Avenue, Suite 711
Memphis, TN 38103
Tel.: (901) 527-0511
Fax: (901) 527-0514
chrisgil@sidgilreath.com

Nancy Hersh
Mark Burton
HERSH & HERSH, P.C.
601 Van Ness Avenue, 2080 Opera Plaza
San Francisco, CA 94102-6388
Tel.: (415) 441-5544
Fax: (415) 441-7586
nhersh@hershlaw.com
mburton@hershlaw.com

Lori E. Andrus
Jennie L. Anderson
Andrus Anderson LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Tel.: (415) 986-1400
Fax: (415) 986-1474
lori@andrusanderson.com
jennie@andrusanderson.com

*Attorneys for Plaintiff and the Proposed Collective Action Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands on behalf of himself and the Class, a jury trial on all causes of action and claims to which a right to jury trial exists.

DATED: July 14, 2009

By:    */s/ Christopher Gilreath*
      Christopher Gilreath

GILREATH & ASSOCIATES
200 Jefferson Avenue, Suite 711
Memphis, TN 38103
Tel.: (901) 527-0511
Fax: (901) 527-0514
chrisgil@sidgilreath.com

Nancy Hersh
Mark Burton
HERSH & HERSH, P.C.
601 Van Ness Avenue, 2080 Opera Plaza
San Francisco, CA 94102-6388
Tel.: (415) 441-5544
Fax: (415) 441-7586
nhersh@hershlaw.com
mburton@hershlaw.com

Lori E. Andrus
Jennie L. Anderson
Andrus Anderson LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Tel.: (415) 986-1400
Fax: (415) 986-1474
lori@andrusanderson.com
jennie@andrusanderson.com

*Attorneys for Plaintiff and the Proposed Collective Action Plaintiffs*