UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN SMITH, ON BEHALF OF
HIMSELF AND A CLASS OF THOSE     CIVIL ACTION
SIMILARLY SITUATED

                                                NUMBER 10-444-BAJ-SCR
VERSUS

SERVICEMASTER HOLDING CORP.,
ET AL

## RULING ON MOTION TO COMPEL DISCOVERY

Before the court is Plaintiff's Motion to Compel filed by plaintiff John Smith. Record document number 45. The motion is opposed.[1]

Plaintiff brought this representative action for violations of the Fair Labor Standards Act ("FLSA") against defendants ServiceMaster Holding Corp., ServiceMaster Company, Inc., Terminix International Company, L.P., and Terminex International, Inc. Plaintiff alleged that he worked as a termite technician in the defendants' Baton Rouge, Louisiana branch from approximately May 2007 to December 2007. He claimed on behalf of himself, and for all other persons employed by the defendants as a pest or termite technicians throughout the United States at any time within the nationwide FLSA period, that the defendants violated the FLSA by engaging in a common policy and practice of not compensating the

---

[1] Record document number 54. Plaintiff also filed a reply memorandum. Record document number 59.

technicians for all the hours they worked and refusing to pay them overtime wages.

Plaintiff filed this collective action for violations of the FLSA under 29 U.S.C. § 216(b) in the Western District of Tennessee on July 14, 2009. On April 8, 2010 William Craig, a pest control technician, filed a notice of consent to join in the collective action.[2] This case proceeded in the Tennessee district court for approximately one year. During this time a scheduling order was entered,[3] discovery commenced focusing on collective action certification issues, a stipulated protective order was issued,[4] and this motion was filed by the plaintiff.

Defendants then filed a Motion to Change Venue and Transfer the Action to the Middle District of Louisiana and a Motion to Stay consideration of the plaintiff's Motion to Compel.[5] Both motions were granted and the case was transferred to this court.[6] At the time of the transfer this motion was still pending.

After a careful review of the record in light of the

---

[2] Record document number 44.

[3] Record document number 31. This scheduling order was later modified. Record document number 52.

[4] Record document number 39.

[5] Record document numbers 60 and 62.

[6] Record document numbers 66, 79, and 81.

Case 3:10-cv-00444-BAJ -SCR   Document 100   09/30/11   Page 2 of 8

applicable law in the Fifth Circuit,[7] the proper course at this time is to deny the pending motion without prejudice to the plaintiff re-urging it or filing another motion later.

Plaintiff's collective action is governed by § 216(b), which provides in part as follows:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

The Fifth Circuit has not established a standard for FLSA collective action certification, declining to choose between the two methods it set forth in *Mooney v. Aramco Services*[8] - the two-step *Lusardi v. Xerox Corp.*[9] method and the spurious class action method of *Sushan v. University of Colorado.*[10] Since *Mooney* the prevailing method used by district courts in the Fifth Circuit has

---

[7] Since this case was filed in the Tennessee district court, the parties cited and relied on Sixth Circuit decisions in their memoranda.

[8] 54 F.3d 1207 (5th Cir. 1995).

[9] 118 F.R.D. 351 (D.N.J. 1987).

[10] 132 F.R.D. 263 (D.Colo. 1990); *Roussell v. Brinker International Incorporated*, 2011 WL 4067171 (5th Cir. Sept. 14, 2011).

been the *Lusardi* two-step method.[11]  The *Lusardi* method is consistent with the Fifth Circuit's statements that there is a fundamental, irreconcilable difference between the class action described by Rule 23, Fed.R.Civ.P., and the collective action provided by the FLSA.  The Fifth Circuit, in comparing § 216(b) of the FLSA to Rule 23(c), has stated that Rule 23 provides for "opt out" class actions, and the FLSA provision allows as class members only those who "opt in."  These two types of actions are fundamentally different, mutually exclusive and irreconcilable. *Sandoz v. Cingular Wireless LLC*., 553 F.3d 913, 916 (5th Cir. 2008), *citing*, *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288-89 (5th Cir. 1975).[12]

Plaintiffs in an FLSA collective action have the burden of establishing that they are similarly situated to the other employees. *England*, 370 F.Supp.2d at 507.  Section 216(b) requires that the employees be similarly, not identically, situated.  An FLSA collective action is appropriate when there is a demonstrated similarity among the individual situations, that is, some factual nexus which binds the named plaintiff and the other employees

---

[11] *Lang v. DirecTV, Inc.*, 735 F.Supp.2d 421, 434-35 (E.D. La. 2010); *Johnson v. Big Lots Stores, Inc.*, 561 F.Supp.2d 567, 569 (E.D.La. 2008); *England v. New Century Financial Corp.*, 370 F.Supp.2d 504, 509 (M.D. La. 2005).

[12] *See also*, *West v. Lowes Home Centers, Inc.*, 2010 WL 5582941( W.D.La. Dec. 16, 2010), *report and recommendation adopted by*, 2011 WL 126908 (W.D.La. Jan. 14, 2011).

4

together as victims of a particular alleged policy or practice. *Id.*, at 508.

Under *Lusardi* the trial court approaches the "similarly situated" collective action requirement using a two-stage analysis: (1) the notice stage, and (2) the merits stage. In the notice stage the court determines whether the plaintiffs are similarly situated in order to give notice of the action to potential members of the collective action. This initial determination is usually based only on the pleadings and any affidavits which have been submitted. Because typically little if any discovery has taken place, this determination is usually made using a fairly lenient standard and usually results in conditional certification of a collective action.[13] If the district court conditionally certifies a collective action the potential members are given notice and the opportunity to opt-in. The case then proceeds as a collective action throughout discovery. *Mooney*, 54 F.3d at 1213-14; *Clarke v. Convergys Customer Mgt. Group,* 370 F.Supp.2d 601, 605-06 (S.D.Tex. 2005); *England*, *supra*.

After the opt-in period ends the second stage takes place. Generally, the second-stage determination is precipitated by a

---

[13] At the notice stage the courts appear to require nothing more than substantial allegations that the employees were victims of a single decision, policy or plan. While the standard at the notice stage is not particularly stringent, it is not automatic. *Mooney*, 54 F.3d at 1214, n. 8; *Xavier v. Belfor USA Group, Inc.*, 585 F.Sup.2d 873, 878 (E.D.La. 2008).

5

motion for decertification by the defendant, usually filed after discovery is largely complete and the case is ready for trial. At this stage the court has much more information on which to base its decision and makes a factual determination as to whether there are similarly-situated employees who have opted in. *Id.; Sandoz*, 553 F.3d at 915, n. 2. Several factors are considered at this stage: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and, (3) fairness and procedural considerations that would make certification improper. *England*, 370 F.Supp.2d at 509-10; *West*, *supra*, *citing*, *Mooney*, 54 F.3d at 1213, n. 7.

If the court makes a factual finding that the plaintiff and the opt-in plaintiffs are similarly-situated employees the court allows the collective action to proceed to trial. *Mooney*, 54 F.3d at 1214; *Sandoz*, *supra*; *Kaluom v. Stolt Offshore, Inc.*, 474 F.Supp.2d 866, 871 (S.D.Tex. 2007).[14] If the court finds they are not, the court decertifies the collective action, the opt-in employees are dismissed without prejudice, and the original named plaintiffs proceed to trial on their individual claims. *Id.*

In light of the above legal principles this case should proceed in accordance with the *Lusardi* two-step method for

---

[14] *See also, Gandhi v. Dell, Inc.* 2009 WL 1940144 (W.D.Tex., July 2, 2009), *report and recommendation adopted* August 4, 2009.

determining whether a collective action under § 216(b) is proper. It is apparent from the record that although the initial scheduling order entered in the Tennessee court allowed some time for discovery focusing on collective action issues, the case was still at the initial or notice stage. Under *Lusardi* the court must decide "whether to provide notice to fellow employees who may be similarly situated to the named plaintiff, thereby conditionally certifying a collective action."[15] At the notice stage the conditional certification decision is usually based only on the pleadings and any affidavits. Thus, under the more lenient standard which governs at the first stage of the *Lusardi* analysis, the present record and any discovery or other information that has been obtained thus far is adequate for the court to make the conditional certification determination, i.e. whether the named plaintiffs and other employees are similarly situated in order to give them notice of the action and the opportunity to opt in.

Therefore, it is unnecessary to resolve the merits of the plaintiff's motion at this time. The next step in this litigation is filing a motion for conditional certification of a collective action, based on the pleadings, any affidavits, any discovery obtained by the parties since the case was filed, and any other available information relevant to the certification issue.

Accordingly, the Plaintiff's Motion to Compel is denied,

---

[15] *Sandoz*, 553 F.3d at n. 2.

7

without prejudice to the plaintiff re-urging it or filing another motion after the court decides the motion for conditional certification of a collective action.

Baton Rouge, Louisiana, September 30, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE